UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMONICA TOWNSEND,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

Case No. 1:10-CV-1065

HON. ROBERT HOLMES BELL

## **O P I N I O N**

On September 17, 2012, Magistrate Judge Joseph G. Scoville issued a Report and Recommendation ("R&R") recommending that the decision of the Commissioner of Social Security that Plaintiff Lamonica Townsend was not entitled to disability insurance benefits or supplemental security income benefits be affirmed. (Dkt. No. 16.) This matter is before the Court on Plaintiff's objections to the R&R. (Dkt. No. 17.)

This Court makes a *de novo* determination of those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

First, Plaintiff objects to conclusions reached contrary to positions stated in her prior pleadings. This is a general objection, and Plaintiff fails to restate such conclusions or point to specific conclusions reached by the R&R to which she objects. Thus, this general objection will not be considered. *See Miller*, 50 F.3d at 380.

Second, Plaintiff objects that the Commissioner's decision was not supported by substantial evidence. In particular, Plaintiff contends she has made out a prima facie case that she suffered identifiable impairments that precluded all past work. The Court notes that even if Plaintiff could make out a prima facie case of entitlement to benefits, that is insufficient to satisfy her burden on appeal. (Dkt. No. 16, at 9.) "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).

Moreover, the key evidence Plaintiff relies upon – an October 3, 2006, examination in which a pain disorder was diagnosed – was specifically considered by both the ALJ and the Magistrate Judge. Notably, the ALJ found Plaintiff's subjective complaints not fully credible. The Magistrate Judge found that there was "overwhelming" evidence for this determination, noting the observations of Plaintiff's medical care providers that she was malingering in order to try to manufacture evidence in support of her claims for social security benefits. The Court may not "decide questions of credibility." *Walters v. Comm'r*

*of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). The Commissioner's determination regarding the credibility of a claimant's subjective complaints is reviewed under the deferential "substantial evidence" standard, which is a "highly deferential standard of review." *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012).

The Court finds that there was substantial evidence to support the ALJ's credibility determination. First, the ALJ noted that "the objective medical evidence reveals that the claimant is generally uncooperative in treatment recommendation, in [sic] inconsistent in her reports of symptoms and limitations, and may be drug seeking and malingering." AR 22. While at Community Mental Health ("CMH") in 2006, Plaintiff tested positive for opiates and cocaine. (Dkt. 4, Attach. 5, Ex. 13F, at 46.) During this time she refused to make co-payments, threatened the practitioners, and was generally uncooperative. (*Id.* at 45, 60.) In multiple assessments from different practitioners, evidence of malingering was recorded. (*Id.* at 60, 66, 71, 79, 87.) In particular, Gwen Williams noted "a significant consideration of Malingering." (*Id.* at 71.) Plaintiff also refused treatment for substance abuse. (*Id.* at 60.) Another assessment found that Plaintiff was med-seeking, threatening, and malingering. (*Id.* at 87.) In light of this evidence, the Court concludes that substantial evidence supported the ALJ's credibility determination.

Nonetheless, Plaintiff argues that the ALJ's credibility determination was improper because the October 3, 2006, consultative examiner did not say that he had insufficient evidence to render the pain disorder diagnosis. However, a one-time consultative

3

examination, which is not supported by the overall record evidence and contains findings inconsistent with other evidence on the record, is accorded little weight. *See Norris v. Comm'r of Soc. Sec.*, 461 F. App'x 433, 439 (6th Cir. 2012). Thus, it was not error for the ALJ to find the October 3, 2006, examination to be of limited utility given Plaintiff's failure to cooperate during the examination, and the fact that Plaintiff's subjective complaints during that examination were inconsistent with the rest of the evidence available.

Next, Plaintiff argues that the ALJ did not consider the possibility of "severe emotionally founded pain." (Dkt. No. 17, at 4.) In particular, Plaintiff contends that even psychosomatic injuries can be disabling. This constitutes a general objection. Plaintiff provides out-of-circuit case law in support of such a proposition, but no Sixth Circuit law. More importantly, Plaintiff identifies no particular error in the R&R nor any evidence supporting the existence of a disabling psychosomatic injury that either the ALJ or the Magistrate Judge failed to consider. Under such circumstances, the Court is unable to discern what Plaintiff objects to. *See Miller*, 50 F.3d at 380.

Even if the Court considered this objection to the extent it is able, it would find it without merit. Presumably, Plaintiff is arguing that even if she did not have an actual pain disorder, she had psychosomatic injuries consistent with a pain disorder which disabled her. However, the ALJ noted that the objective medical examinations of Plaintiff's head, neck, and back areas were normal and showed minimal problems, and thus he concluded that "the severity of her complaints of pain is not credible." AR 22. While psychosomatic pain could

exist in light of such medical records, the ALJ also noted that he afforded Plaintiff's allegations of pain every benefit of the doubt but the lack of objective evidence, *in addition to* the fact that Plaintiff rarely sought treatment for such allegations (the converse of which would have supported her argument of psychosomatic pain), supported his conclusion that these allegations were not credible. Thus, Plaintiff's objection lacks merit.

Plaintiff also objects that neither the ALJ nor the Magistrate Judge outlined any evidence to rebut her prima facie case of a disability. Even if Plaintiff had made out a prima facie case of a disability, this is untrue. Both the ALJ and the Magistrate Judge noted the fact that there was significant evidence of malingering and that Plaintiff repeatedly failed to cooperate with treating physicians. Plaintiff disputes these findings because they are not supported by medical evidence. As the Magistrate Judge noted, however, this argument is frivolous. The administrative record contains significant evidence in assessments by medical professionals that Plaintiff was malingering in an effort to obtain social security benefits. (*E.g.* Dkt. No. 4, Attach. 5, at 60, 66, 71, 79, 87.) These medical assessments also included significant evidence that Plaintiff failed to cooperate with her treating practitioners and repeatedly refused treatment. (*Id.* at 45, 60, 87.)

Last, Plaintiff argues that the ALJ assumed facts which were not in the evidence. However, Plaintiff merely restates her complaint that the ALJ and the Magistrate Judge concluded that there was substantial evidence of malingering. As discussed in detail, this conclusion is amply supported by the record. In connection with this objection, Plaintiff

5

argues that the ALJ's assumption of medical conclusions without evidence is legal error. Because the conclusion that Plaintiff was malingering is supported by the record, the Court fails to ascertain any legal error.

Because Plaintiff's objections lack merit, the R&R will be approved and adopted. The decision of the Commissioner of Social Security will be affirmed, and judgment will be entered in favor of the Defendant.


Dated: <u>December 19, 2012</u>                             <u>/s/ Robert Holmes Bell</u>
                                                            ROBERT HOLMES BELL
                                                            UNITED STATES DISTRICT JUDGE